*MAYME KOLB SCHINKAL ET AL V. CYNTHIA KOLB, ET AL.

**"The Income" Construed to Mean all Income from Testator's Estate.**
The bequest "the income hereinafter devised to my said wife in lieu of her dower and all other interests in my estate as widow," in the absence of any reference to any income to accrue to the trustees or any direction as to its investment or disposal, is construed as importing an intention to give all the income to the widow during her lifetime.

*Henry T. Hunt,* for Caroline Kolb Shropshire and Naomi Kolb Sheridan.

*John J. Acomb* and *Frank R. Gusweiler,* for Cynthia Kolb, as widow and as executrix, and for Joseph Kolb, individually and as trustee.

*Matthews & Klein,* for Josephine Kolb Schell.

*C. W. Baker,* for Mayme Kolb Schinkal and Daniel Kolb.

---

*Motion to certify overruled by Supreme Court, February 15, 1916.

Schinkal v. Kolb.

## BY THE COURT.

After much discussion of this case, and delay caused by doubt and prolonged deliberation, we have concluded that there is an implied bequest to the widow, of the income during her lifetime, as held by the court below.

In the second item of the will the widow is given household furniture, books, etc., and following that bequest the testator says:

"This bequest and the income hereinafter devised to my said wife in lieu of her dower and all other interests in my estate as widow," etc.

The words "the income hereinafter devised" import an intention to give to the wife all the income. The word "all" is not necessary. Where no word of restriction or limitation is used, the words "my income," "the income" and the like include the entire income. If it had been intended to later give to Mrs. Kolb a portion of the income, or the income from specific property or securities, it must be presumed that in this item the testator would have used the words "the portion of the income" or some other words of like import.

It is contended that Kolb died intestate as to the income during the lifetime of his wife. With this contention we can not agree. If there were no implied bequest of the income, it would go to the trustees named to take charge of the property from which the income was to be derived and would accumulate and remain in their hands. Such being the case, the fact that the will contains no reference to any income to accrue to the trustees, nor any discretion as to its investment or disposal, coupled with the disposition of the income after the wife's death, as found in item five of the will, makes all but irresistible the conclusion that at the time the will was made testator intended to and thought he had bequeathed all the income to his wife.

We deem further comment useless. There will never be another will like this one. The peculiar provisions of this will and the rules of construction applicable thereto are ably discussed in the briefs. There is no new question involved, and a long opinion could benefit neither litigants nor counsel in future cases. The general rules on construction of wills are so familiar and so

universal in application and operation as to forbid elaboration here. Applying these rules we are convinced that taking the will as a whole, an intention is manifest to give all the income to Mrs. Kolb during her natural life.

The judgment of the common pleas court is therefore affirmed.

HAMILTON, JONES and GORMAN, JJ., concur.